# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARCUS ANTHONY TERRELL,

    Petitioner,

v.

UNNAMED RESPONDENT,

    Respondent.

1:17-cv-2535-WSD

## ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [2] ("R&R"), recommending that this action be administratively closed and that the filings in this case be transferred to Terrell v. Berry, No. 1:17-cv-2594-WSD-CMS (N.D. Ga. July 10, 2017) (the "Berry Case"). Also before the Court are Petitioner Marcus Anthony Terrell's ("Terrell") Objections [4] to the R&R.

On June 28, 2017, Terrell, a prisoner, filed his *pro se* Affidavit [1], asserting that certain individuals committed "criminal perjury," "stage[d] a crime," "tampered [with] a crime scene," and thus are "part[ies] to a crime." (See, e.g., [1]

at 1, 7).[1] The same day, Terell filed, in the Berry Case, his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On July 31, 2017, the Magistrate Judge issued her R&R, recommending that this action be administratively closed and that the filings in this case be transferred to the Berry Case "because it appears that Terrell's affidavit was intended to be filed in support of his habeas petition." (R&R at 1). On August 4, 2017, Terrell filed his Objections to the R&R, arguing that his Affidavit "should not be forwarded to his habeas corpus [case] because it is a request for criminal warrants" and "this is a criminal petition, not civil." ([4] at 3). Terrell seeks "a hearing to hold the named parties accountable for there [sic] felony crimes," including because his attempt "to compel the superior courts to take out warrants for the alleged criminal acts of corroborated felony perjury & felony tampering with a crime & scene" was unsuccessful. ([4] at 2).

In view of Terrell's Objections and his explicit request that the filings in this action be maintained "in a separate case file of its own," the Court declines to adopt the R&R's recommendation that Terrell's Affidavit be transferred to the Berry Case. ([4] at 4). This action is required to be dismissed, however, because Terrell's Affidavit seeks relief that is not available in this Court. Terrell effectively seeks to initiate a private criminal action for perjury and related

---

[1] The identity of these individuals is not clear from Terrell's Affidavit.

misconduct. "A civil action filed by a private citizen is not the proper vehicle for the prosecution of criminal charges." Moore v. Chambers, No. 3:11-CV-3012-AC, 2012 WL 5182806, at *5 (D. Or. Oct. 1, 2012). "If [Terrell] is attempting to assert that [individuals] committed the crime of perjury, . . . the State would have to initiate and prosecute those crime charges." Id.; cf. Grady v. Baker, 404 F. App'x 450, 454 (11th Cir. 2010) ("The remedy for false testimony in a judicial proceeding is criminal prosecution for perjury."). This action is dismissed without prejudice.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [2] is **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Marcus Anthony Terrell's Objections [4] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 2nd day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE